Richard HUGHES, the Alaska Miners
Association, and the Council of
Alaska Producers, Appellants,

v.

Mead TREADWELL, Lieutenant Governor of The State of Alaska, the State of
Alaska, Division of Elections, Christina
Salmon, Mark Niver, and John H. Holman, Appellees.

No. S–15468.

Supreme Court of Alaska.

June 23, 2014.

Before: WINFREE, STOWERS,
MAASSEN, and BOLGER, Justices.

### Order

In October 2012 Lieutenant Governor
Mead Treadwell received an application for
an initiative entitled "Bristol Bay Forever";
the Division of Elections denominated the
initiative "12BBAY." 12BBAY would require final legislative authorization for any
new large-scale metallic sulfide mining operations in the watershed of the Bristol Bay
Fisheries Reserve. After review by the Department of Law, the Lieutenant Governor
certified the initiative application and directed the Division of Elections to prepare petition booklets.

In January 2013 Richard Hughes filed suit
in the superior court challenging the Lieutenant Governor's certification of 12BBAY.
The Alaska Miners Association and the
Council of Alaska Producers later joined as
plaintiffs,[1] and initiative sponsors Christina
Salmon, Mark Niver, and John H. Holman
intervened as defendants. While litigation
was pending in the superior court, the Division of Elections determined that the sponsors had gathered sufficient signatures, and
the Lieutenant Governor issued a Notice of
Proper Filing allowing the Division of Elections to place 12BBAY on the ballot.[2]

Hughes moved for summary judgment, arguing that 12BBAY would: (1) enact local or
special legislation in violation of article XI,
section 7 of the Alaska Constitution; (2) violate separation of powers under article XII,
section 11 of the Alaska Constitution; and (3)
appropriate state assets in violation of article
XI, section 7 of the Alaska Constitution. Superior Court Judge Paul R. Lyle concluded
that 12BBAY would not enact local or special
legislation, would not clearly violate separation of powers, and would not appropriate
public assets. Judge Lyle granted summary
judgment in favor of the State and the initiative sponsors and declined to enjoin placement of 12BBAY on the ballot. Hughes
appealed to this court, challenging Judge
Lyle's conclusions that 12BBAY would not
make an unconstitutional appropriation of
public assets or enact local or special legislation.[3] We heard oral argument on June 11,
2014.

Because an expedited decision is needed
by September 3, 2014 so that the Division of
Elections can know whether to include
12BBAY on the November ballot, we issue
the following order.

IT IS ORDERED:

1. 12BBAY would not make an appropriation of state assets in violation of article XI, section 7 of the Alaska Constitution.

2. 12BBAY would not enact local or special legislation in violation of article XI, section 7 of the Alaska Constitution.

3. Accordingly, we AFFIRM the superior court's decision granting summary judgment to the State and the initiative sponsors and declining to enjoin placement of 12BBAY on the ballot.

4. We will issue a written opinion at a future date explaining the reasons for this result, but preparation of the bal-

1. We refer to the plaintiffs/appellants collectively as "Hughes."

2. Letter from Mead Treadwell, Lieutenant Governor, State of Alaska, to John Holman, Initiative Sponsor (December 23, 2013) (on file with State of Alaska, Division of Elections), *available at*
http://www.elections.alaska.gov/petitions/12
BBAY/12BBAY–Notice-of-ProperFiling.pdf.

3. Hughes does not appeal Judge Lyle's conclusion that 12BBAY would not clearly violate separation of powers principles.

lots to include 12BBAY shall proceed without awaiting our opinion.

Entered at the direction of the court.